UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANLEY CONSTANTINO, et al.,

    Plaintiffs,

v.

MICHIGAN DEPARTMENT OF STATE POLICE,

    Defendant.

File No. 1:09-CV-506

HON. ROBERT HOLMES BELL

## **O P I N I O N**

In an order dated April 16, 2010, this Court granted Defendants' request that Plaintiffs' official capacity claim against Defendant Peter Munoz, then director of the Department of Michigan State Police, be dismissed because the claim was duplicative of Plaintiffs' claim against the State of Michigan and the Department of State Police. (Dkt. No. 20.) This matter is now before the Court on Defendant Michigan Department of State Police's motion to amend the April 16, 2010, order to dismiss the Michigan Department of State Police and to substitute the current director of the Department of State Police, Colonel Eddie L. Washington, Jr., in his official capacity, because the Director, rather than the State, is the proper party to this action. (Dkt. No. 28.)

Plaintiffs oppose the motion on the basis that they have neither pled nor requested any relief under 42 U.S.C. § 1983 and they have not requested damages. Plaintiffs further assert

that the State has waived its Eleventh Amendment immunity by voluntarily removing this action to federal court.

Plaintiffs have not articulated a sound basis for their opposition to Defendant's motion. Plaintiffs have alleged violations of their rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Although Plaintiffs have not requested relief pursuant to § 1983, neither have they alleged an alternative statutory authorization for the remedies they seek. "The Fourteenth Amendment establishes binding standards of conduct for state and local government, but it does not authorize remedies when its provisions are breached. Section 1983 fills this void." 1 Martin A. Schwartz, *Section 1983 Litigation*, § 1.05[D], at 1-21 - 1-22 (4th ed. 2010); *see Quern v. Jordan*, 440 U.S. 332, 351 (1979) (Brennan, J., concurring) (noting that Congress enacted § 1983 pursuant to its power under § 5 of the Fourteenth Amendment). Section 1983 serves the "vital function of authorizing individuals to assert their federal rights against defendants who acted under color of state law." Schwartz, § 1.05[D], 1-21. *See* L. Tribe, *American Constitutional Law* § 4-14, at 763 (3d ed. 2000) ("With rare exceptions, the [Supreme] Court has not read the Constitution to require particular remedies for violations of its express prohibitions; the choice of remedies is peculiarly a matter of policy, which requires the exercise of legislative judgment or equitable discretion."). The Court assumes that Plaintiffs' case is brought pursuant to § 1983 because Plaintiffs have not articulated an alternative statutory authorization for the declaratory and injunctive relief they are seeking.

Section 1983 only allows claims against "persons." 42 U.S.C. § 1983. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Nevertheless, "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985), and citing *Ex parte Young*, 209 U.S. 123, 159-160 (1908)). In other words, in order for Plaintiffs to obtain the relief they are requesting, the proper party is the Director of the Michigan Department of State Police, acting in his official capacity. Accordingly, Defendant Michigan Department of State Police's motion to amend the April 16, 2010, order to dismiss the Michigan Department of State Police and to substitute the current director of the Department of State Police, Colonel Eddie L. Washington, Jr., in his official capacity, (Dkt. No. 28) will be granted.

An order consistent with this opinion will be entered.


Dated: October 19, 2010                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           UNITED STATES DISTRICT JUDGE